IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ELIZABETH ELLEN CROCKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:12-CV-00779 |
| v. | ) | Judge Trauger/Bryant |
| | ) | |
| MUTUAL OF OMAHA BANK, Alleged | ) | |
| Successor by Acquisition of FIRST | ) | |
| NATIONAL BANK OF NEVADA and its | ) | |
| Affiliates, as Trustee for FIRST NATIONAL | ) | |
| BANK OF ARIZONA Pass-Through | ) | |
| Certificates series 2007-HY-3 Trust, M&T | ) | |
| BANK CORPORATION; HSBC BANK | ) | |
| USA, N.A.; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, Inc., as a | ) | |
| Nominee for FIRST NATIONAL BANK OF | ) | |
| ARIZONA | ) | |
| | ) | |
| Defendants. | ) | |

TO: The Honorable Aleta A. Trauger

**REPORT AND RECOMMENDATION**

This matter is on referral to the undersigned for, inter alia, pretrial management of the case (Docket Entry No. 5). Plaintiff Elizabeth Ellen Crockett filed a motion to remand this case to state court (Docket Entry No. 11). Defendants Mortgage Electronic Registration Systems ("MERS") and HSBC Bank USA, N.A. ("HSBC") oppose this motion (Docket Entry No. 12). For the reasons stated below, the undersigned Magistrate Judge recommends that plaintiff's motion to remand be granted.

1

## Statement of the Case

Plaintiff Crockett filed a complaint in the Circuit Court for Davidson County, Tennessee on February 29, 2012 seeking injunctive and declaratory relief to prevent Defendants from foreclosing on her property and alleging violations of various federal laws (Case No. 3:12-CV-00337, Docket Entry No. 1–1, p.5–18). A "Certificate of Service" asserts that a complaint and summons were sent to Defendants Mutual of Omaha Bank ("Mutual"), M&T Bank ("M&T"), HSBC and MERS on February 28, 2012 (*Id.* at 71). Defendants HSBC and MERS were served with the Summons and Complaint on March 5 and 8, 2012, respectively. (Docket Entry No. 12, p.2). On April 2, 2012, HSBC and MERS removed the case to the United States District Court for the Middle District of Tennessee (Case No. 3:12-CV-00337, Docket Entry No. 1). On April 4, 2012, the returns of service for M&T and Mutual were filed in state court, indicating M&T and Mutual had each been served on March 5, 2012 (Case No. 3:12-cv-00337, Docket Entry No. 17–1). Plaintiff Crockett filed a motion to remand on May 2, 2012 (Case No. 3:12-CV-00337, Docket Entry No. 17). Due to a related proceeding, the case was transferred to the Bankruptcy Court for the Middle District of Tennessee on May 15, 2012 (Case No. 3:12-CV-00337, Docket Entry No. 15).

The case returned to the district court on August 1, 2012, as Case No. 3:12-CV-00779 (Docket Entry No. 2). Plaintiff Crockett filed a "Motion for Clarification" on October 1, 2012, questioning this court's jurisdiction (Docket Entry No. 9) and an "Amended Objection to Removal and Motion to Remand" on October 10, 2012, requesting on order remanding the case to state court (Docket Entry No. 10). Plaintiff Crockett challenges the notice of removal for its failure to join all defendants as required by 28 U.S.C. § 1446(b)(2)(A), and lack of grounds for federal jurisdiction. Defendants HSBC and MERS filed a response opposing remand on October

10, 2012, along with documents indicating the consent of Defendants M&T and Mutual to the original removal of the case from state court (Docket Entry No. 12).

**Analysis**

A defendant may remove a case from state court to the district court of the United States "embracing the place where such action is pending," if the district court has original jurisdiction. 28 U.S.C. § 1441. Statutes regarding removal jurisdiction are to be strictly construed "because removal jurisdiction encroaches on a state court's jurisdiction." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Therefore, any doubts about federal jurisdiction "should be resolved in favor of remand to the state courts." *Id.*

To remove a case, a defendant must file a notice of removal in the district court within thirty days of receiving the plaintiff's initial pleading or summons. 28 U.S.C. § 1446(b). If there are multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The "rule of unanimity" requires that:

> [A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable.

*Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). To consent to removal, a defendant may "(1) join in the removal, (2) file a written consent to removal, or (3) oppose a motion to remand." *City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010). Subsequent consent to removal after the thirty day period has passed is insufficient to satisfy the rule of unanimity. *Daniel v. Anderson County Emergency and Rescue Squad*, 469

F.Supp.2d 494, 496 (E.D. Tenn. 2007). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis*, 342 F.3d at 516.

Here, the notice of removal violated the rule of unanimity. Therefore, the case must be remanded to state court. Defendants HSBC and MERS jointly filed the notice of removal on April 2, 2012 (Case No. 3:12-CV-00337, Docket Entry No. 1). However, summonses had been issued to M&T and Mutual by the state court on February 29, 2012, and they were received by M&T and Mutual on March 5, 2012 (Case No. 3:12-CV-00337, Docket Entry No. 17–1). Neither defendant has contested the adequacy of service, so there is no reason to doubt that they were properly served defendants whose consent was required for removal. *See Strauss Co., Inc. v. Charter Oak Fire Ins. Co.,* No. 1:08-CV-208, 2009 WL 78438 (E.D. Tenn. Jan. 9, 2009). In *Strauss*, the first defendant was foreclosed from arguing insufficient service prevented the second defendant from consenting to removal when the second defendant never raised insufficient service as a defense. *Id.* The consent of M&T and Mutual, within 30 days of service, was required for removal to be proper.[1]

Defendants HSBC and MERS contend that they did not know M&T and Mutual had been served when they removed the case (Case No. 3:12-CV-00337, Docket Entry No. 1). The returns of service for M&T and Mutual were not filed until April 4, 2012, two days after HSBC and MERS removed the case (Case No. 3:12-CV-00337, Docket Entry No. 17–1). However, the initial complaint listed both M&T and Mutual as defendants and it included a signed certificate of service stating process had been sent to M&T and Mutual by certified mail, including the 20-digit number sequences which identified the certified mailings (Case No. 3:12-CV-00337,

---

[1] Although M&T and Mutual did eventually consent to removal on October 10, 2012, this occurred well after the 30 day window (Docket Entry No. 12–1, 12–2).

Docket Entry No. 1–1, pp.5, 71). These clear indications were sufficient for HSBC and MERS to know they may have required the consent of M&T and Mutual to remove the case. *See Greco v. Yellowpages.com, LLC*, No. 3:09-CV-1502, 2009 WL 3571897 (M.D. Pa. Oct. 26, 2009).

In *Greco*, defendant Yellow Pages was listed as a defendant on the pleading, but there was no record of Yellow Pages being served when defendant Bank of America unilaterally removed the case. *Id.* Bank of America checked with the clerk of the county court, who confirmed that the docket had no record of Yellow Pages being served or appearing. *Id.* Nevertheless, the court still required strict compliance with the rule of unanimity because Bank of America had notice Yellow Pages was listed as a defendant and "very little effort" would have been required to contact Yellow Pages to ensure they had not been served. *Id.* Like Bank of America in *Greco*, here HSBC and MERS had notice M&T and Mutual were listed as defendants targeted for service by certified mail. Moreover, despite what the state court clerk apparently told HSBC and MERS, the state court had issued summonses for M&T and Mutual on February 29, 2012 (Case No. 3:12-CV-00337, Docket Entry No. 17–1). Under these circumstances, the plaintiff's failure to promptly file service returns on the record does not relieve HSBC and MERS of their burden to ascertain with due diligence the need for consent of other defendants. Compliance with the rule of unanimity is required here because HSBC and MERS should have known the consent of M&T and Mutual was required to remove the case.

Defendants HSBC and MERS did not comply with the procedure for removal by failing to obtain the timely consent of all defendants. Therefore, this case must be remanded to state court.

## **Recommendation**

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to remand filed on behalf of Plaintiff Elizabeth Ellen Crockett be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 30th day of May, 2013.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
