IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ELIZABETH E. CROCKETT,            )
                                  )
    Plaintiff,                    )
                                  )
v.                                )    Civil No. 3:12-0779
                                  )    Judge Trauger
MUTUAL OF OMAHA BANK, alleged successor )  Magistrate Judge Bryant
by acquisition of First National Bank of Nevada, )
and its affiliates, as Trustee for First National Bank )
of Arizona, pass-through certificates series )
2007-HY-3 Trust, M & T Bank Corporation, and )
HSBC BANK USA, N.A.,              )
                                  )
    Defendants.                   )

**MEMORANDUM and ORDER**

On May 30, 2013, the Magistrate Judge issued a Report and Recommendation (Docket No. 20), to which objections have been filed (Docket Nos. 24, 25). Because the Report and Recommendation recommends remand of this case to the state court, a dispositive matter, pursuant to Rule 72(b), FED. R. CIV. P., and 28 U.S.C. § 636(b)(1)(C), this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir.1993).

The Magistrate Judge ruled that the removing defendants, HSBC Bank USA, N.A. ("HSBC") and Mortgage Electronic Registration Systems, Inc. ("MERS") had violated the rule of unanimity and that, therefore, the case should be remanded to state court. The three objecting defendants (M&T Bank Corporation, HSBC and MERS) claim that all appropriate defendants

1

had timely consented to the removal, that the rule of unanimity has not been violated, and that the case was not appropriate for remand.

**Factual Background**

The *pro se* plaintiff filed suit in the Circuit Court For Davidson County, Tennessee on February 29, 2012, seeking injunctive and declaratory relief to prevent the defendants from foreclosing on her property. HSBC and MERS removed the state case to this court on April 2, 2012, alleging federal question jurisdiction. (Case No. 3:12-cv-0337, Docket No. 1 )[1] HSBC had been served with the state court suit on March 5, 2012, and MERS had been served on March 8, 2012. (*Id.*, Docket No. 17-1 at 8, 11) Therefore, the notice of removal was filed within 30 days of service and in compliance with 28 U.S.C. § 1446(b). The Notice of Removal recited: "Upon information and belief, no other Defendants have been served in this matter. Thus, pursuant to 28 U.S.C. § 1446(b)(2), their consent to remove is not required." (*Id.*, Docket No. 1 at 2) In fact, defendant Mutual of Omaha Bank ("Mutual of Omaha") and defendant M&T Bank Corporation ("M&T") were both served on March 5, 2012, but the returns of service were not filed by the plaintiff until April 4, 2012. (*Id.*, Docket No. 17-1 at 2, 5) Defendants HSBC and MERS assert (without sworn verification) that they were told by the Davidson County Circuit Court Clerk's Office, at some point before filing the Notice of Removal, that no other defendants had yet been served. (Case No. 3:12-cv-0779, Docket No. 12)

---

[1] This is the case number for the original removed case. Judge Haynes, to whom this case was originally assigned, transferred it to the Bankruptcy Court on May 15, 2012 (Docket No. 22) and, for some reason, when it was transferred back to this court from the Bankruptcy Court on August 1, 2012, it was assigned a different case number, Case No. 3:12-cv-0779. References herein shall designate in which case the documents have been filed.

On May 2, 2012, the plaintiff filed a Motion to Remand, in part based upon the fact that not all defendants had consented to the removal and, therefore, the removal was defective. (Case No. 3:12-cv-0337, Docket No. 17)[2] Before this motion could be ruled upon, Judge Haynes, realizing that the plaintiff had a pending bankruptcy case, transferred this case to the Bankruptcy Court on May 15, 2012. (*Id.*, Docket No. 22) On May 16, 2012, defendants HSBC and MERS filed a Notice with the court, informing the court of their intent to file a "substantive response to the Motion to Remand should this action come back before this Court." (*Id.*, Docket No. 23 at 1)

On July 27, 2012, a new file was opened under Case No. 3:12-cv-0779 and assigned to Judge Campbell, pursuant to an order from the Bankruptcy Court informing the district court that the plaintiff no longer had a Chapter 13 case pending in the Bankruptcy Court and suggesting that the district court withdraw the reference of the adversary proceeding involving these parties and try the case in district court. (Case No. 3:12-cv-0779, Docket No. 1) The case was transferred to Judge Trauger (*Id.*, Docket No. 2), and the reference to the Bankruptcy Court was withdrawn by Order of this court entered August 24, 2012 (*Id.*, Docket No. 5) Nothing further happened on the case until, on October 1, 2012, the plaintiff filed a Motion For Clarification as to how her state court case was back in the district court with a new case number, when it should have been back in state court because all defendants had not consented to the removal. (*Id.*, Docket No. 9) Then, on October 10, 2012, the plaintiff filed a Motion to Set Hearing on both her Motion For Clarification and her original Motion to Remand filed in the earlier-numbered case (*Id.*, Docket No. 10). On the same day, the plaintiff filed an Amended Objection to Removal and Motion to Remand (*Id.*, Docket No. 11), and defendants HSBC and MERS filed a

---

[2]Therefore, M&T's argument that the Magistrate Judge committed error by raising the unanimity rule *sua sponte* (Case No. 3:12-cv-0779, Docket No. 25 at 3) is without merit.

Response to the plaintiff's Motion For Clarification, asserting that removal was proper and that, "at this time, all Defendants have consented to the removal as evidenced by the attached consent of each Defendant." (*Id.*, Docket No. 12 at 4) Attached to this Response were M&T's Consent to Removal, executed on May 10, 2012 (*Id.*, Docket No. 12-1), and Mutual of Omaha's Consent to Removal, executed on May 14, 2012 (*Id.*, Docket No. 12-2).

**Analysis**

The objection that the plaintiff's Motion to Remand filed in the new case on October 10, 2012 is untimely because it was filed more than 30 days after the opening of the new case lacks merit. It is clear from this record that the new case was a continuation of the old case, after its transfer back from the Bankruptcy Court, and that the plaintiff's Motion to Remand filed in the original case was still operative. Again, HSBC and MERS had notified the district court that, upon the return of the case from the Bankruptcy Court, they would be filing a response to the plaintiff's Motion to Remand, as already detailed. The other main objection raised is to the Magistrate Judge's conclusion that the consent of all defendants was not timely secured and that, therefore, removal was improper and the case should be remanded to the state court.

28 U.S.C. § 1446(2)(A) provides that, when a case is removed because the federal court has original jurisdiction, as here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." The issue before the court is by when must the non-removing defendants evidence their consent to the removal, if they have not joined in the notice of removal.

This deadline is not set forth in the statute, and the court's research reveals that there are several interpretations of this deadline.

Since 1999, the Sixth Circuit has followed the rule (that became embodied in the 2011 amendment to the removal statute) that allows an earlier-served defendant who did not remove within his 30-day window to join with a later-served defendant who wishes to remove the case. In *Brierly v. Alusuisse Flexible Packaging, Inc.*, the Sixth Circuit adopted reasoning from a Fourth Circuit case and held that a later-served defendant could remove a case that had not been timely removed by earlier-served defendants, if it removed within 30 days of service and had the consent of the remaining defendants.  184 F.3d 527, 533 (6th Cir. 1999).  *Brierly* did not specify a time within which the earlier-served defendants had to consent to the removal, if they did not join in the notice of removal.  However, the Fourth Circuit, the reasoning of which *Brierly* adopted, stated specifically that those earlier-served defendants would have "*30 days from the time they are served with process*...to joint in an otherwise valid removal petition." *McKinney v. Bd. of Trustees of Md. Com. Col.*, 955 F.2d 924, 928 (4th Cir. 1992) (emphasis added); *see also*, *Loftis v. United Parcel Service*, *Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

Other courts have interpreted the consent deadline differently:

> It is crucial to distinguish the ability to file the notice and the ability to consent. The former ought be counted separately for each defendant, definitively expiring after thirty days from the date of service on that defendant.  This means that each subsequently added defendant has an opportunity to file the notice during his thirty days.  On the other hand, the ability to consent comes to life if any co-defendant properly commences removal and it is time limited in a different manner.  If the notice was timely filed by the last-served defendant, but after the statutory thirty day period applicable to the first-served defendant expired, the first-served defendant may consent *during the thirty day period applicable to the person who files the notice of removal*.

*BCCTC Assoc., Inc. v. Summerdale/AAHFI, L.P.*, 656 F. Supp.2d 208, 214 (D. Mass. 2009) (emphasis added); *accord*, *Jones v. Fla. Dept. of Children and Family Services*, 202 F.Supp.2d 1352, 1355 (S.D. Fla. 2002).

Here, it is undisputed that defendants HSBC and MERS filed a timely Notice of Removal within 30 days of service upon them. Neither Mutual of Omaha nor M&T joined in the Notice of Removal. Their Consents to Removal were executed on May 10 and May 14, 2012,[3] which dates were not within 30 days of service of either of these two defendants, nor within the 30 days allowed to HSBC and MERS to remove. So, under either interpretation of the deadline for defendants to consent to removal, these two defendants did not timely consent.

However, in the Sixth Circuit, there is a third way in which the consent of non-removing defendants can be manifested, and that is by the filing of an opposition to a motion to remand. Under the case that appears to have established this method of consent in the Sixth Circuit, it is clear that the filing of an opposition to a motion to remand does not need to take place within any 30-day period, however delineated. In *Harper v. Autoalliance Intern., Inc.*, defendant Kelly, who did not join in the notice of removal filed by three other defendants, was served on July 24, 2002. First, the court held that his statement in his Answer, filed August 21, 2002, that "the proper jurisdiction and venue for this case is the United States District Court for the Eastern District of Michigan" sufficiently indicated his consent to the removal. Second, the court held that the filing of a response in opposition to the plaintiff's motion to remand on September 19, 2002, nearly 60 days after service upon defendant Kelly, also sufficiently evidenced his consent to the removal and "cured any purported defect in the removal petition." 392 F.3d 195, 199-202 (6th Cir. 2004).

---

[3]Of course, these consents were not filed with the court when executed. In fact, they were not filed with the court until over two months after the case returned from the Bankruptcy Court, and after the plaintiff filed a Motion For Clarification. (Case No. 3:12-cv-0779, Docket No. 9)

So the court must examine whether defendants Mutual of Omaha and M&T opposed a motion to remand in order to determine if the removal complied with the rule of unanimity. The plaintiff filed her first Motion to Remand on May 2, 2012, to which neither of these defendants responded before the case was transferred to the Bankruptcy Court on May 15, 2012.[4] The plaintiff's renewed Motion to Remand (filed after the case was transferred back to the district court from the Bankruptcy Court) was filed on October 11, 2012. Buried in Mutual of Omaha's Response to Plaintiff's Motion to Strike its Motion to Dismiss, filed on November 14, 2012, is Mutual of Omaha's consent to the removal. (*Id.*, Docket No. 14 at 3) This Response addresses the plaintiff's Motion to Remand and can be loosely interpreted as a response to the renewed Motion to Remand, which Response would have been timely filed. However, the court can find nowhere in this record where defendant M&T opposed either of the plaintiff's motions to remand.[5] Therefore, because defendant M&T did not join in the notice of removal, did not timely consent to removal, and never opposed the plaintiff's two motions to remand, M&T, which was served on March 5, 2012, did not timely manifest its consent to removal. This violation of the rule of unanimity defeats removal.

For the reasons expressed herein, the plaintiff's renewed Motion to Remand filed on October 10, 2012 (*Id.*, Docket No. 11) is **GRANTED**, and this case is **REMANDED** to the Circuit Court for Davidson County, from which it was removed.

It is so **ORDERED.**

---

[4]Of course, the response time had not yet run at the time of the transfer.

[5]M&T filed objections to the Report and Recommendation but did not oppose the motions to remand. And were the court to interpret M&T's untimely consent to removal as an opposition to the motions to remand, then the deadlines for consenting to removal would be meaningless.

7

Enter this 2nd day of July 2013.

                                                                                    _____
                                                                                    ALETA A. TRAUGER
                                                                                     U.S. District Judge